UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**THIRD DEGREE FILMS, INC.**,

    **Plaintiff**,

    v.                              Civil Action No. 12-1329 (EGS/JMF)

**JOHN DOES 1-8**,

    **Defendants.**

## MEMORANDUM ORDER

This is one of the many "BitTorrent" cases that have been filed in this Court, in which a copyright holder of a film has sued all of the persons involved in what is known as a "file sharing swarm."[1] On August 11, 2012, plaintiff moved for leave to take expedited discovery.[2]

In my decision in West Coast, I explained why plaintiff must have a good faith basis to believe 1) that this Court will be able to assert jurisdiction over the persons it will name as defendants and 2) that venue will properly lie in this judicial district. I also explained why I believe that settlement discussions are inappropriate at this stage of the proceedings.

In this case, plaintiff makes the following claims with respect to jurisdiction and venue:

    4.    As set forth on Exhibit A, each of the Defendants' acts of copyright infringement occurred using an Internet Protocol address (IP address) traced to a physical address located within this District, and therefore this Court has personal jurisdiction over each Defendant because each Defendant

---

[1] For a more detailed explanation of the BitTorrent technology and the problems that personal jurisdiction, venue, and improper joinder in these bit torrent cases present, see my August 6, 2012 Memorandum Opinion [#23] in West Coast Productions, Inc. v. Does 1-1434, Civil Action No. 11-55 (JEB/JMF).

[2] See Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference [#5].

        committed the tortious conduct alleged in this Complaint in the District of Columbia, and (a) each Defendant resides in the District of Columbia, and/or (b) each Defendant has engaged in continuous and systematic business activity, or has contracted to supply goods or services in the District of Columbia.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) a Defendant resides (and therefore can be found) in this District and all of the Defendants reside in this State; additionally, venue is proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases) because each Defendant or each Defendant's agent resides or may be found in this District.

Complaint for Copyright Infringement [#1] ¶¶ 4-5.

Accordingly, plaintiff's motion will be granted upon the following conditions:

1. Plaintiff shall, within fourteen (14) days of the date of this Order, forward a copy of it to all primary or intermediary Internet Service Providers ("ISPs") that have or will be served with Rule 45 subpoenas in this case.

2. All primary or intermediary ISPs that have or will be served with Rule 45 subpoenas in this case will, within five (5) days of receiving this Order from plaintiff, forward a copy of it to all subscribers identified by plaintiff as putative infringers of its motion picture copyright, accompanied by the attached Notice. The ISPs shall revise the Notice to include the information that presently appears in italics.

3. Upon receipt of the actual names of the putative infringers, plaintiff shall name as defendants only those persons that it can establish, in good faith and consistent

with the requirements of Rule 11 of the Federal Rules of Civil Procedure, are properly subject to this Court's personal jurisdiction. Plaintiff must also establish that venue of its lawsuit against the putative infringers is properly laid in this judicial district.

4. Plaintiff may not engage in any settlement discussions with any persons identified by the ISPs in response to the subpoenas.

It is therefore, hereby,

**ORDERED** that plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference [#5] is **GRANTED.** It is further, hereby,

**ORDERED** that Plaintiff's Motion for Expedited Hearing [#9] is **DENIED.**

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE